Zahra Khoury SBN 231065
zkhoury@zrawa.com
**RAWA LAW GROUP, APC**
5843 Pine Avenue
Chino Hills, CA 91709
Telephone: (909) 393-0660
Facsimile: (888) 250-8844
Attorneys for Plaintiff
GLEN ANDERSON

Robin L. Sergi SBN159271
rob@rlsergilaw.com
Law Offices of Robin L. Sergi
3862 Katella Avenue, Suite B
Los Alamitos, CA 90720
Telephone: (562)795-9116
Facsimile: (888)908-9016
Attorneys for Plaintiff
GLEN ANDERSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GLEN ANDERSON,

Plaintiff,

vs.

CITY OF RIALTO, a municipal corporation, CITY OF RIALTO POLICE DEPARTMENT, RANDY DE ANDA, individually and in his capacity as the Chief of Police for the RIALTO Police Department; and DOES 1 THROUGH 20 inclusive,

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF INDIVIDUAL CIVIL RIGHTS AND LIBERTIES, WITH SUPPLEMENTAL STATE LAW CLAIMS;**

1. 42 USC § 1983
2. 42 USC § 1983
3. Retaliation [Cal. Const. Art. I, §§ 2, and 3; California Government Code §§ 3302, 3309.5, 3502.1, 3506, 3502, 3508; California Labor Code 1102.5)
4. Hostile Work Environment
5. Failure to Prevent Discrimination/harassment

**DEMAND FOR JURY TRIAL**
[F.R. Civ. P. Rule 38; C.D. Cal. Local Rule 38-1]

## I.

## INTRODUCTION

1. This case involves the unlawful retaliation against police officer GLEN ANDERSON, a twenty-year veteran and outstanding officer with over fifty (50) commendations, for the exercise of his constitutional individual civil rights and liberties of free expression, by CITY OF RIALTO and CITY OF RIALTO POLICE DEPARTMENT and POLICE CHIEF RANDY DE ANDA. More specifically, Plaintiff GLEN ANDERSON was wrongfully retaliated against by, among other things, being placed on administrative leave and stripped of his police officer powers, denied overtime, being subjected to back to back hostile baseless internal investigations, and being removed from the Canine Unit, because he exercised his constitutional right to free speech. As a result of the Defendants' retaliatory actions, Plaintiff has brought this lawsuit seeking damages including punitive damages and injunctive relief for personal injury and economic losses he has suffered.

## II.

## JURISDICTION AND VENUE

2. Plaintiff's action is brought under 42 U.S.C. §1983, which states in pertinent parts: " *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…*"

3. This Court has original subject matter jurisdiction because the matter

involves allegations of violations of the United States Constitution. Specifically, Jurisdiction is bestowed on this Court by 28 U.S.C. § 1343(3) which authorizes this Court to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States...." and by 28 U.S.C . § 1343(4) which provides for the protection of civil rights.

4. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367.

5. This Court is bestowed with further and proper authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§2201 and 2202.

6. Venue is proper in the Central District of California in that the wrongs alleged herein occurred within the City of RIALTO, within the Central District.

## III.

## PARTIES

7. Plaintiff GLEN ANDERSON (ANDERSON), is and was, at all times relevant to the allegations herein, an employee of the CITY OF RIALTO, employed as a police officer within the CITY OF RIALTO POLICE DEPARTMENT. As such, he was and is entitled to the protections of the Public Safety Procedural Bill of Rights Act (Government Code Sections 3300, et seq.). Plaintiff ANDERSON held the rank of a police officer at all times relevant to the allegations herein. ANDERSON was at all times relevant herein a senior SWAT team member and a K9 handler.

8. Defendant CITY OF RIALTO is a municipality organized and existing under the laws of the State of California and wholly located within the County of San Bernardino, California.

9. Defendant CITY OF RIALTO POLICE DEPARTMENT is a department and/or agency within the City of RIALTO.

10. Defendant RANDY DE ANDA (DE ANDA) was at all times relevant during the alleged incidents the Chief of Police for the CITY OF RIALTO POLICE DEPARTMENT. As the Department's Head and City's top cop, at all times relevant to the allegations herein, DE ANDA was charged with policy making authority for all matters alleged herein. In doing the things alleged to have been done, DE ANDA acted in his capacity as Chief of Police for the City of RIALTO, under color of state law, within the course and scope of his employment, and as an official policy maker for the City. As a Department Head, DE ANDA was vested with policy-making authority over actions such as the ones at issue in this complaint.

11. Defendants DOES 1 through 20 are unknown or identified at this time, but are employees of CITY OF RIALTO. On information and belief Plaintiff allege that each Doe is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said Defendants become known to Plaintiff, Plaintiff will seek relief to amend this Complaint to show the true identities of each said DOE in place of their fictitious names as DOES 1 through 20.

12. Defendants, and each of them, were the agent, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

## IV.

## FACTS COMMON TO ALL COUNTS

13. ANDERSON has been an outstanding police officer with the CITY OF RIALTO and RIALTO POLICE DEPARTMENT for over 20 years.

14. ANDERSON has over fifty commendations including a Meritorious lifesaving award and a unit citation for Valor.

15. In 1999, ANDERSON was promoted to the department's Canine Unit and in 2000, assigned to the collateral duty of SWAT.

16. ANDERSON has been a hardworking member of the CITY OF RIALTO POLICE DEPARTMENT and has been instrumental in ensuring both the SWAT and K9 teams are well trained and proficient. He has always been reliable and trustworthy and he has always put forth his best effort on any assignments given to him. Officer ANDERSON has always adjusted his schedule to meet the needs of the CITY OF RIALTO POLICE DEPARTMENT and to provide a high level of service to the citizenry. He has always been counted on to respond to a call out and has always reminded his supervisors he is available if needed. Officer ANDERSON is the president of the Inland Empire Police Canine Association having previously served and held an executive position on the National Police Canine Association; ANDERSON frequently trained and certified canine officers and dogs from agencies all over the country. ANDERSON is loyal, trustworthy, dedicated, committed and always assisting the CITY OF RIALTO POLICE DEPARTMENT as well as allied agencies. ANDERSON's passion is unmatched when it comes to the K9 program.

17. In 2006, ANDERSON was elected by his peers to represent the police department's general membership union, which encompasses both sworn and non-sworn employees.

18. In 2006, CITY OF RIALTO attempted to contract out its law enforcement services; Then Councilmember DEBORAH ROBERTSON (ROBERTSON) and councilmember GEORGE (ED) SCOTT (hereinafter "SCOTT") were leading the charge to disband the police department; ANDERSON was instrumental in maintaining the department and in doing so, enlisted the services of JAMES FREEMAN ("FREEMAN"), political consultant

and owner of Freeman and Associates. ANDERSON was successful and the CITY OF RIALTO maintained its CITY OF RIALTO POLICE DEPARTMENT.

19. ANDERSON's last three years employment evaluations are outstanding with specific references to the ongoing construction to the FRIENDS OF RIALTO POLICE K-9 YARD, and a lifetime donation of dog food for the entire canine unit.

***Protected Speech***

20. In or about March 2016, FREEMAN called ANDERSON as they had remained friends. ANDERSON, who was off duty, spoke to FREEMAN at which time, ANDERSON updated FREEMAN as to the status of contract negotiations and politics between CITY OF RIALTO and CITY OF RIALTO POLICE DEPARTMENT's general union. At the time, THE CITY OF RIALTO POLICE DEPARTMENT had not had a raise in almost eight years. ANDERSON advised FREEMAN that negotiations with the CITY OF RIALTO were stalling. FREEMAN asked ANDERSON to have SERGEANT RICHARD ROYCE, the current union president contact him.

21. On or about April 3, 2016, ANDERSON sent a text message to SERGEANT ROYCE's cell phone stating in pertinent parts:

> *"..just got off the phone with ....filled him in on the current contract progress... he was going to reach out to you reference doing a mailing with a survey about the City Council.. it makes the Council stand tall real quick.."*

22. On information and belief, FREEMAN sent a text message to Councilmember SCOTT, on or about April 3, 2016, in which he mentioned, among other things that ..

> *"....ANDERSON had stated that ROBERTSON was in hot water.. and that... the council.. coming down on her for spending a bunch of money on a jazz festival.....used city funds and now there is a public integrity unit investigation.."*

***Retaliation***

23. Over the next three-week period, the CITY OF RIALTO POLICE DEPARTMENT, at the order of CHIEF DE ANDA, pursuant to the requests of ROBERTSON and SCOTT, opened up four baseless internal affairs investigations on ANDERSON.

24. ANDERSON had just been assigned back to the K9 Unit with a new dog JORDY and graduated from school during the third week of April 2016;

25.One week later, CHIEF DE ANDA ordered that ANDERSON's canine be taken away without due process and ANDERSON be removed from the canine unit. Canine JORDY has been sitting in a kennel- sort of like in doggie jail since May 2016.

26.On or about May 4, 2016, ANDERSON was placed on paid administrative leave and stripped of his police officer powers and his right to carry a concealed weapon.

27.Moreover, DE ANDA characterized one of the investigations as a criminal investigation in order to circumvent statute of limitations issues and circumvent the procedural and substantive requirements of the Public Safety Procedural Bill of Rights;

28.DE ANDA assigned SERGEANT MILLS to conduct some of the Internal Investigations; SERGEANT MILLS had a conflict of interest in said investigations. In lieu of recusing himself, SERGEANT MILLS at the direction of CHIEF DE ANDA conducted two of the investigations; DE ANDA further hired an outside investigator to further harass ANDERSON.

29.DE ANDA took the dog-JORDY away from ANDERSON as a punishment without having to explain anything to anyone; he initiated investigations that served no proper purpose but to harass; he spoke openly about ANDERSON, and the cases, on more than one occasion. DE ANDA deliberately tarnished ANDERSON's reputation. ANDERSON is and has been an honorable

police officer, well respected by his peers; ANDERSON has always served his Department and his community with passion and integrity; DE ANDA has taken a noble outstanding officer and attempted to ruin his reputation and destroy everything ANDERSON passionately worked on, for years. By way of an example, on or about June 22, 2016, CHIEF DE ANDA called the K-9 team in for a meeting, and talked about ANDERSON's case, DE ANDA further commented that ANDERSON's case was public knowledge.

30. ANDERSON filed a Complaint and obtained an immediate right to sue letter with the Department of Fair Employment and Housing, on or about May 27, 2016;

31. ANDERSON filed a Governmental tort Claim on or about May 27, 2016 regarding multiple civil right violations of Police officer's Bill of Rights, Retaliation, Defamation, violation of the Labor Code and Government Code Sections.

32. The City of Rialto issued a Notice of Rejection of Claim dated June 16, 2016.

33. Subsequently, CITY OF RIALTO at the direction of DE ANDA went out of control on a witch hunt, serving ANDERSON with two additional internal affairs (IA) investigations, for a total of Six Internal affairs investigations!! In addition, in a desperate attempt to justify the baseless administrative leave, and the IA's, on or about September 6, 2016, the CITY OF RIALTO POLICE DEPARTMENT cut off the lock from ANDERSON's City locker, without notice, consent, or a search warrant, and without any compelling reason, in violation of ANDERSON's Fourth and Fourteenth Amendments to the United States Constitution and in violation of his Peace Officer Procedural Bill of Rights.

***Injury***

34.ANDERSON is a senior officer and the sole provider for his family.

ANDERSON works part time at another job and overtime at the CITY OF RIALTO POLICE DEPARTMENT; ANDERSON's administrative leave specifically disrupted his income source by denying him the ability to work overtime, respond to call-outs or work his part time job.

35.The internal investigations were intended to harass, a witch hunt, served no proper purpose;

36.Each of the adverse actions taken against Plaintiff ANDERSON was taken as a result of the information in the text messages- matters of public concerns regarding misappropriation of city funds.

37. In doing the things alleged herein, Defendants acted under color of state law, within the course and scope of employment, and pursuant to an official policy of RIALTO.

38.The actions by Defendants are clear violations of Plaintiff' s rights, including but not limited to, Plaintiff' right to be free of reprisal actions under state and federal law, as well as common law.

***Hostile work environment***

39. ANDERSON, for the last few years, was subjected to continuing derogatory comments by Lieutenant KURKOKSE; KURKOSKE would continuously call ANDERSON a "fag" and 'Glenda" as he walked by ANDERSON. In 2015, ANDERSON was off duty and inside the police station with his then eleven-year old daughter. As ANDERSON was walking down the station hallway, KURKOSKE once again yelled at ANDERSON calling him a "fag." That particular accident was extremely upsetting to ANDERSON as he was with his daughter; ANDERSON confronted KURKOSE but the ridicule continued.

40. ANDERSON remained courteous and polite and professional. His passion for his work and dedication to the DEPARTMENT and the community that he serves was so strong that, no matter, what names he was called, his integrity remained intact. KURKOSKE was a Lieutenant and a superior to ANDERSON;

KURKOSKE mandated a verbal greeting from ANDERSON when they met; when ANDERSON would just bow his head out of respect, KURKOSKE would get upset stating "here he goes ignoring me again."

41. During the first week of May 2016, ANDERSON reported the harassment to Lieutenant SMITH who brushed him off stating to "leave it alone," and that "he is almost gone." Lieutenant SMITH was referring to the fact that KURKOSKE was retiring in June 2016 and it is believed that Lt. KURKOSKE did indeed retire in June 2016. Furthermore, it is believed that the Complaint was ignored because Lieutenant SMITH is KURKOSKE's brother-in-law.

42.ANDERSON suffered emotional distress and as a result of Defendant's actions.

## V.

## CAUSES OF ACTION

### COUNT ONE

***42 U.S.C. §1983***
***(First Amendment) –***
***Against All Defendants***

43. Plaintiff ANDERSON hereby incorporates each and every preceding paragraph as though set forth in full here.

44. As a direct result of the Plaintiff exercising his constitutional rights to free speech, he was retaliated against. The text message was about April 3, 2016, subsequent to which four IA's were opened in a period of three weeks, and an additional two later on. Six IA's in a period of five months in a department with approximately 100 sworn offices, constitute approximately 30 to 40 percent of all IA's, rendering Defendants action extremely disturbing, and intended solely to create a chilling effect. The text messages, inasmuch as they exposed violations of city policy, were a matter of public interest. The resulting retaliatory acts by

Defendants were nothing but means to inhibit protected speech, and deprive Plaintiff of his constitutional right to free speech.

45. Subjecting Plaintiff ANDERSON to the numerous baseless internal affairs investigations, and adverse employment actions, as alleged above was nothing but a retaliatory move intended to punish Plaintiff for exercising his constitutional right to free speech. Stripping ANDERSON of police powers, taking him out of the Canine Unit, taking his Canine JORDY away from him, were nothing more but yet another way to intimidate and inhibit the exercise of his constitutional right to free speech. The administrative leave and the loss of overtime that Plaintiff ANDERSON was and is being subjected to, during all the times relevant herein, were nothing but retaliatory acts exercised by Defendants to inhibit free speech. All the above referenced acts by Defendants against Plaintiff have created a chilling effect on his legitimate political, social and organizational speech. Because he chose to exercise his constitutionally protected rights to free speech, ANDERSON has endured the multiple retaliatory moves by Defendants.

46. In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiff under the First and Fourteenth Amendments to the United States Constitution to free expression, association, and assembly. Specifically, Defendants have taken the aforementioned actions against Plaintiff in direct retaliation for, and in response to the various protected activities of Plaintiff. The acts of Defendants, and each of them were done by Defendants under color of state law. The acts of Defendants by subjecting Plaintiff ANDERSON to the numerous internal investigations and stripping him of police powers were done under color of state law. ANDERSON lost overtime pay. They directly violated and continued to violate Plaintiff's clearly established constitutional and statutory rights. In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiff's rights, or at least in conscious, reckless, and callous disregard of Plaintiff' s rights and to the injurious consequences likely to result from the

violation of said rights. General, special, and exemplary damages are sought according to proof. Punitive damages are sought against the individual defendant DE ANDA , according to proof.

47. Plaintiff has no plain, speedy nor adequate remedy at law to prevent future violations of his civil rights, and therefore seeks extraordinary relief in the form of permanent injunctions, as hereafter described. Damages alone are inadequate and injunctive relief is sought to command defendants.

**COUNT TWO**
***42 U.S.C. §1983***
***(Fourth Amendment) –***
***Against All Defendants***

48. Plaintiff ANDERSON hereby incorporates each and every preceding paragraph as though set forth in full here.

49. DEFENDANTS CITY OF RIALTO AND CITY OF RIALTO POLICE DEPARTMENT are subject to the Fourth Amendment prohibition against unreasonable searches and seizures, when conducting searches of employee offices, desks, file cabinets, and lockers.. More than two decades ago, the U.S. Supreme Court held that the Fourth Amendment protects employees from unreasonable searches conducted by governments in their capacities as employers. *O'Connor v. Ortega*, 480 U.S. 709, 717 (1987)(plurality opinion)(applying Fourth Amendment to search of employee's office).

50. DEFENDANTS ordered a subordinate officer to cut the lock off ANDERSON's locker; ANDERSON had used the same locker for thirteen years and DEFENDANTS had the combination to ANDERSON's locker and as such, cutting the lock off had no proper or compelling purpose but was intended to deliberately trample over plaintiff's privacy right in an effort to intimidate him and cause him additional anguish, and exhaust ANDERSON mentally and emotionally. ANDERSON is 20-year veteran of the CITY OF RIALTO POLICE

DEPARTMENT; he passionately served the DEPARTMENT and the citizens with the utmost ethics and dedication and is a man of high integrity and ethics.

DEFENDANTS trampled all over his constitutional rights to be free from unreasonable search and seizure, without any compelling reason. The retaliatory acts by Defendants were nothing but means to intimidate and threaten Plaintiff and cause him extreme stress, and deprive ANDERSON of his constitutional rights.

51. In doing the things alleged herein, Defendants, and each of them, violated the privacy rights of Plaintiff under the Fourth and Fourteenth Amendments to the United States. This action was also taken in direct retaliation for, and in response to the various protected activities of Plaintiff. The acts of Defendants, and each of them were done by Defendants under color of state law, in violation of clearly established constitutional and statutory rights. In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiff's rights, or at least in conscious, reckless, and callous disregard of Plaintiff' s rights and to the injurious consequences likely to result from the violation of said rights. General, special, and exemplary damages are sought according to proof. Punitive damages are sought against the individual defendant DE ANDA , according to proof.

52. Plaintiff has no plain, speedy nor adequate remedy at law to prevent future violations of his civil rights, and therefore seeks extraordinary relief in the form of permanent injunctions, as hereafter described. Damages alone are inadequate and injunctive relief is sought to command defendants.

**COUNT THREE**

**Supplemental State Claims –Retaliation –**

**AGAINST CITY OF RIALTO, CITY OF RIALTO POLICE DEPARTMENT AND DOES 1 THROUGH 20, INCLUSIVE**

53. Plaintiff ANDERSON hereby incorporates each and every preceding paragraph as though set forth in full here;

54. In doing the things alleged herein, Defendants violated the rights of Plaintiff under California Labor Code §1102 by attempting to influence or coerce political activity by retaliating against Plaintiff for exercising his First Amendment rights and constitutionally protected rights. Defendants further violated Labor Code §1101 by controlling and directing, or tending to control or direct the political activities or affiliations of its employees by retaliating against Plaintiff for exercising his constitutionally protected right. Defendants further violated Labor Code §1102.5 by retaliating against Plaintiff for discussing information with FREEMAN that the Plaintiff reasonably believed constituted violations of state or federal statute, rule or regulation.

55. In doing the things alleged herein, Defendants violated the rights of Plaintiff under California Government Code §§3302, 3309.5 which prohibit a public safety employer from interfering with political activities of its public safety officers. Defendants further violated Government Code §3502.1 by placing him on administrative leave, for his exercise of free speech.

56. In doing the things alleged herein, Defendants violated the rights of Plaintiff under the California Constitution, Article I, §§2, 3, by restraining Plaintiff' liberty of speech by performing all the above referenced retaliatory acts solely in retaliation for engaging the aforementioned acts of free speech.

**COUNT FOUR**
**Hostile Work Environment**
**AGAINST CITY OF RIALTO, CITY OF RIALTO POLICE DEPARTMENT AND DOES 1 THROUGH 20, INCLUSIVE**

57. PLAINTIFF ANDERSON re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein;

58.Under the Fair Employment and Housing Act (FEHA), it is an unlawful employment practice to harass an employee because of "sex," which is

defined as including sexual harassment. Govt C §12940(j)(1), (4)(C); see 2 Cal Code Regs §11019(b)(2)

**59.**As indicated supra, ANDERSON was sexually harassed by LIEUTENANT KURKOSKE. the harassment took the forms of continuous pervasive unwelcome sexual comments, "fag" and "Glenda." The unwelcome comments were once a week starting 2012 through 2016; in 2014, ANDERSON told Lieutenant KURKOSKE to knock it off, and Lieutenant KURKOSKE stopped for couple weeks and then started with the derogatory names again; the height of the harassment was when KURKOSKE referred to ANDERSON as a fag in front of ANDERSON's eleven-year-old daughter. The name calling was in the hallways, in briefing and constant and got progressively out of control . This was common knowledge in the DEPARTMENT and no actions were ever taken against KURKOSKE;This behavior created an abusive work environment that no reasonable person could tolerate. As a direct and proximate result of DEFENDANTS unlawful conduct, PLAINTIFF ANDERSON has suffered mental anguish and pain and suffering; PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial; As a direct and proximate cause of the acts alleged above, PLAINTIFF ANDERSON has had to hire the services of an attorney. PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code § 12965(b). PLAINTIFF ANDERSON is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known; The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFF ANDERSON'S rights and for the deleterious consequences of DEFENDANTS actions. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.

**COUNT FIVE**
**Failure to Prevent Discrimination and/or Harassment**
**AGAINST CITY OF RIALTO, CITY OF RIALTO POLICE DEPARTMENT AND DOES 1 THROUGH 20, INCLUSIVE**

60. PLAINTIFF re-alleges and incorporates by reference the allegations in all the preceding paragraphs as though fully set forth herein;

61.Upon information and belief, CITY OF RIALTO was aware of LIEUTENANT KURKOSKE's acts of harassment long before plaintiff was himself subjected to harassment; CHIEF DE ANDA was at all times material herein, and is the CITY's top cop, and instead of implementing rules for preventing civil rights violations, he deliberately ordered baseless investigations, with knowledge that they were intended to harass and trample all over ANDERSON's rights; moreover, on information and belief, councilmember SCOTT and Mayor ROBERTSON pressured DE ANDA into initiating investigations against ANDERSON, who succumbed to their wishes instead of doing what was right. CITY is liable for its failure to prevent acts of harassments and violations of civil rights.

62. CITY OF RIALTO did not take proper measures and reasonable steps to remedy the harassment nor the acts of its members. Defendants, and/or their agents/employees, violated Government Code § 12940 (k), by failing to take all reasonable steps necessary to prevent discrimination and/or harassment from occurring and by failing to remedy such discrimination and/or harassment.

63. PLAINTIFF ANDERSON suffered damages including but not limited to: loss of overtime pay and other employment benefits, physical injuries, pain and suffering, mental anguish and emotional distress. As such, PLAINTIFF ANDERSON is entitled to general and compensatory damages in amounts to be

proven at the time of trial;

64. As a direct and proximate cause of the acts alleged above, PLAINTIFF ANDERSON has had to hire the services of an attorney. PLAINTIFF ANDERSON has incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code § 12965(b). PLAINTIFF ANDERSON is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known;

65. The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFF ANDERSON's rights and for the deleterious consequences of DEFENDANTS ' actions. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.

VI.

**PRAYER**

WHEREFORE, Plaintiff prays:

1. For general, special, exemplary according to proof;
2. For punitive damages against Individual Defendant;
3. For costs of suit;
4. For attorneys fees under *42 USC §1988* and otherwise as permitted by law;
5. For attorney fees under the California Government Code as permitted by law;
6. For injunctive relief as described above; and
7. For other appropriate relief.

Dated: September 7, 2016

Respectfully submitted,

RAWA LAW GROUP, APC

/s/Zahra Khoury

Zahra Khoury
Attorneys for Plaintiff,
GLEN ANDERSON

Dated: September 7, 2016

Respectfully submitted,

LAW OFFICE OF ROBIN L. SERGI

/s/ Robin L. Sergi

Robin L. Sergi
Attorneys for Plaintiff,
GLEN ANDERSON

DEMAND FOR JURY

Plaintiff hereby demands a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. Rule 3.4.10.1.

Dated: September 7, 2016

Respectfully submitted,

RAWA LAW GROUP, APC

/s/Zahra Khoury

Zahra Khoury
Attorneys for Plaintiff,
GLEN ANDERSON

Dated: September 7, 2016

Respectfully submitted,

LAW OFFICE OF ROBIN L. SERGI

/s/ Robin L. Sergi

Robin L. Sergi
Attorneys for Plaintiff,
GLEN ANDERSON