Mark H. Meyerhoff, Bar No. 180414
mmeyerhoff@lcwlegal.com
James E. Oldendorph, Jr., Bar No. 230556
joldendorph@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:  310.337.0837

Attorneys for Defendants CITY OF RIALTO and
RANDY DE ANDA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - CENTRAL

| | |
|---|---|
| GLEN ANDERSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF RIALTO, a municipal corporation, CITY OF RIALTO POLICE DEPARTMENT, RANDY DE ANDA, individually and in his capacity as the Chief of Police for the RIALTO Police Department,<br><br>                    Defendants. | Case No. 5:16-cv-01915-JGB-SPx<br><br>STIPULATED PROTECTIVE ORDER<br><br>**[NOTE CHANGE MADE BY THE COURT IN ¶ 6.3]** |

1.      <u>PURPOSES AND LIMITATIONS</u>

        The parties hereby stipulate to and petition the court to enter the following Stipulated

Protective Order as it pertains to the Protected Material specifically identified in Section 5.1 below.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or

responses to discovery and that the protection it affords from public disclosure and use extends only

to the limited information or item(s) identified at Section 5.1, below, which is entitled to confidential

treatment under the applicable legal principles. The parties further acknowledge, as set forth in

Section 10.3, below, that this Stipulated Protective Order does not entitle them to file confidential

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the

standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information or tangible things identified in Section 5.1 below.

2.3     Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10     Party:  any party to this action and their Outside Counsel of Record.

2.11     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

2

1  Material in this action.

2      2.12   Professional Vendors:  persons or entities that provide litigation support services

3  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

4  storing, or retrieving data in any form or medium) and their employees and subcontractors.

5      2.13   Protected Material:  the document, which will be marked "CONFIDENTIAL" as

6  provided herein, is a copy of an email received by the City of Rialto Police Department that was a

7  subject of the command staff meeting on August 24, 2016 and is responsive to Plaintiff's Request

8  for Production of Documents, Request No. 36, to the City of Rialto Police Department.

9      2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a

10  Producing Party.

11  3.    SCOPE

12      The protections conferred by this Stipulation and Order shall cover only the Protected

13  Material identified in Section 5.1 below.  Any use of the Protected Material at trial shall be governed

14  by a separate agreement or order.

15  4.    DURATION

16      Even after final disposition of this litigation, the confidentiality obligations imposed by this

17  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

18  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

19  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

20  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

21  time limits for filing any motions or applications for extension of time pursuant to applicable law.

22  5.    DESIGNATING PROTECTED MATERIAL

23      5.1   Protected Material.  This Stipulation and Order relates only to a specific document

24  responsive to Plaintiff's Request for Production of Documents, Request No. 36, to the City of Rialto

25  Police Department.  Specifically, the document, which will be marked "CONFIDENTIAL" as

26  provided herein, is a copy of an email received by the City of Rialto Police Department that was a

27  subject of the command staff meeting on August 24, 2016.  This Stipulation and Order shall not

28

3

apply to any discovery, disclosure or document production beyond the Protected Material just described.

5.2 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The Designating Party must designate for protection only those parts of the Protected Material that qualify – so that other portions of the Protected Material are not swept unjustifiably within the ambit of this Order. If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.3 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

5.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall

5

automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

7

Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

        MATERIAL

        When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

10.     MISCELLANEOUS

        10.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

        10.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

        10.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

8

to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

11.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

/ / /

8139319.5 RI020-077

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: _May 12, 2017_____     _/s/ Zahra Khoury_____

4                                                                Zahra Khoury
                                                                 Attorneys for Plaintiff Glen Anderson

5

6  DATED: _May 12, 2017_____     _/s/ James Oldendorph_____

7                                                                Mark Meyerhoff
                                                                 James Oldendorph

8                                                                Attorneys for Defendants City of Rialto,
                                                                 and Chief Randy De Anda

9

10

11  PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13  DATED: May 22, 2017                     _____

14                                                               United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8139319.5 RI020-077

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3  I, _____ [print or type full name], of _____ [print or

4  type full address], declare under penalty of perjury that I have read in its entirety and understand the

5  Stipulated Protective Order that was issued by the United States District Court for the Central

6  District of California on [date] in the case of **Glen Anderson v. City of Rialto; et al. [5:16-cv-**

7  **01915-JGB-SPx]**.  I agree to comply with and to be bound by all the terms of this Stipulated

8  Protective Order and I understand and acknowledge that failure to so comply could expose me to

9  sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

10  any manner any information or item that is subject to this Stipulated Protective Order to any person

11  or entity except in strict compliance with the provisions of this Order.

12  I further agree to submit to the jurisdiction of the United States District Court for the Central District

13  of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

14  enforcement proceedings occur after termination of this action.

15  I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number] as

17  my California agent for service of process in connection with this action or any proceedings related

18  to enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22

23  Printed name: _____

24

25  Signature: _____

26

27

28

8139319.5 RI020-077